**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

|  |  |
|---|---|
| JEANETTE TRUJILLO,              )<br>                                 )<br>     Plaintiff,                  )<br>                                 )<br>     v.                          )     No. 05-2206<br>                                 )<br>EIU LA BAMBA, INC.,              )<br>                                 )<br>     Defendant.                  )<br>                                 ) |  |

## OPINION

On September 19, 2005, Plaintiff Jeanette Trujillo filed a Complaint (#1) against Defendant EIU La Bamba alleging she was terminated from her employment based upon her gender and/or ethnicity in violation of Title VII of the Civil Rights Act of 1964. Trujillo also brings a state claim under the Illinois Wage Payment Collection Act and a breach of contract claim relative to her employment contract. On September 1, 2006, Plaintiff filed a Motion for Partial Summary Judgment (#17) relative to her state law claims. For the reasons that follow, Plaintiff's Motion for Partial Summary Judgment is DENIED.

### FACTS

On November 22, 2004, Trujillo entered into an employment contract with EIU La Bamba in which it was agreed Trujillo would be manager of the La Bamba's restaurant in Charleston, Illinois. The employment contract contained an expiration date of December 31, 2005. La Bamba drafted the contract and required Trujillo to sign it as a condition of her employment. The contract

states that it can be terminated through "performance issues, in appropriations or misconduct" of Trujillo. The contract further indicates that Trujillo "will forfeit any and all compensation due from profits through shareholder distributions if Owner terminates Agreement due to in appropriations, misconduct, or violations of this Agreement by the Manager." The contract further set a salary for Trujillo at an amount of $23,000 annually with an annual insurance bonus of $1,500. Trujillo was also to receive one week paid vacation after one year of employment and a two week paid vacation after two years of employment. Finally, Trujillo was to receive, on a quarterly basis, an amount equal to 10% of the net profits distributed to corporate shareholders.

La Bamba has submitted the affidavit of James Hall, the Chief Financial Officer of EIU La Bamba. According to Hall, during her training for the management position, Trujillo did not demonstrate the ability or willingness to be the type of hands on manager she was being trained to be despite being told on several occasions and being given an extra week of training. Hall states in his affidavit that, as a result, Trujillo was "offered an hourly position with the possibility to advance to the position of store manager at a later date if she would demonstrate that she could run a store and work hand in hand with her employees." Hall further indicates Trujillo declined to accept these conditions and resigned. Trujillo asserts that on December 8, 2004, La Bamba unilaterally terminated her employment. La Bamba admits Trujillo did not engage in any misconduct while working there. Throughout her employment, Trujillo never dealt with any money or appropriations relating to La Bamba. La Bamba further admits Trujillo never disregarded La Bamba's interest, disregarded any of its work rules, or committed any gross violations of company policy while she worked for La Bamba. La Bamba had paid Trujillo $1,031.97 under the contract. On August 30, 2005, Trujillo, through her attorney, made a written demand of La Bamba for $23,910.35, the amount which Trujillo asserts she is owed under the employment contract.

ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.  Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).  In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The burden of establishing that no genuine issue of material fact exists rests with the movant.  Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

The basis for Trujillo's state law claims is that La Bamba breached Trujillo's employment contract in that it terminated her employment for a reason not provided for in the employment contract.  The contract language states that Trujillo's employment could be terminated for "performance issues, in appropriations or misconduct."  Trujillo interprets this language to mean that she could only be terminated for performance issues relative to appropriations or misconduct.  La Bamba asserts that the contract provides for three separate bases for termination: (1) performance issues; (2) in appropriations; and (3) misconduct.  Furthermore, La Bamba asserts that because this language is ambiguous, summary judgment should be denied.

Under Illinois law,[1] "'the determination of whether a contract is ambiguous is a question of law for the court.'"  Space Center Tysons, Inc., v. Opus N. Corp., 2004 WL 603606 at *12 (N. D.

---

[1] The parties do not dispute that Illinois law governs the state law claims in this action.

Ill. 2004), quoting Shields Pork Plus, Inc. v. Swiss Valley Ag. Serv., 767 N.E.2d 945, 949 (Ill. App. Ct. 2002). "'A contract is ambiguous only if the language employed is susceptible of different constructions when read in its plain and ordinary meaning.'" Cromeens, Holloman, Sibert, Inc. v. AB Volvo, 349 F.3d 376, 394 (7th Cir. 2003), quoting Althoff Indus., Inc. v. Elgin Med. Ctr., Inc., 420 N.E.2d 800, 803 (Ill. App. Ct. 1981). "If the court determines that contract language is ambiguous, 'extrinsic evidence is admissible to determine the parties' intent and interpretation of the language is a question of fact.'" Space Center Tysons, 2004 WL 603606 at *12, quoting Installco Inc. v. Whiting Corp., 784 N.E.2d 312, 320 (Ill. App. Ct. 2002).

The court agrees with La Bamba that the language of the contract is ambiguous and thus open to two separate constructions. When read in its plain meaning, the clause of the contract could be read to mean that appropriations and misconduct related issues are the two forms of performance issues which can result in termination. An equally plausible reading is that performance issues, in-appropriations, and misconduct are three separate reasons for termination. Trujillo argues that the court should adopt its interpretation because the clause should be construed against the drafter, and the contract was drafted by La Bamba. However, this "principle comes into play only after reasonable efforts at interpretation have failed, including the taking of evidence concerning the drafting or negotiation of the contract." Rhone-Poulenc Inc. v. International Ins. Co., 71 F.3d 1299, 1305 (7th Cir. 1995). Accordingly, the court will not enter summary judgment at this time.

IT IS THEREFORE ORDERED:

    (1) Plaintiff's Motion for Partial Summary Judgment (#17) is DENIED.

     (2) This case remains set for a final pretrial conference on January 22, 2007, at 3:30 p.m. and a jury trial commencing February 5, 2007, at 9:00 a.m.

     (3) The parties are encouraged to contact Magistrate Judge Bernthal to schedule a settlement conference in this matter.

     ENTERED this 6th day of December, 2006

     **s/ Michael P. McCuskey**
     MICHAEL P. McCUSKEY
     CHIEF U.S. DISTRICT JUDGE